IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA MOLSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL WHITE, *et al.*, )<br>)<br>Defendants. ) | Case No. 1:21-cv-86-SPB |

## MEMORANDUM OPINION

Plaintiff Rowena Molson, a frequent *pro se* litigator in this Court, commenced the instant civil action by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a complaint directed against Defendants Michael White and Jason Marcy. ECF No. [1-1]. All parties are alleged to be residents of Erie County, Pennsylvania. ECF No. 1-1 at 2.

In her complaint, Plaintiff asserts that the Defendants, with the use of an accelerant, set fire to her shed and her van, located at 13082 West Cherry Hill Road in the Borough of Albion, and then physically assaulted her. ECF No. 1-1 at 5. Plaintiff appears to be alleging that both Defendants acted "by the instruction" of unnamed Pennsylvania state troopers stationed in Girard, Pennsylvania. *Id*. Plaintiff claims that these alleged events occurred at "seven a.m. [in the] morning" on a date not specified in the complaint. *Id*.

1. Review of Plaintiff's Application for Leave to Proceed *In Forma Pauperis*

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the

1

complaint under [§ 1915(e)(2)1] to determine whether it is frivolous." *Id*. (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010).  Based upon a review of Plaintiff's application, the Court finds that Plaintiff is without sufficient funds to pay the required filing fee.  Therefore, she will be granted leave to proceed *in forma pauperis*, and the Clerk will be directed to docket her complaint.

2. Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant.  *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018).

Additionally, a complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Fantone v. Latini*, 780

F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Finally, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend her complaint, unless the amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In this case, Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted.  However, the Court takes judicial notice of the fact that Plaintiff's complaint is based upon the same alleged events that formed the basis of her prior lawsuit against Defendant White.  *See Molson v. White*, Case No. 1:20-cv-307, 2021 WL 877762 (W.D. Pa. Mar. 9, 2021) (granting leave to proceed *in forma pauperis* and dismissing the complaint).  In her prior civil action at Case Number 1:20-cv-307 (the "2020 Case"), Plaintiff alleged that

> Michael White, Defendant, did at 7:00 a.m. carry at 02/01/2014 9 oz. cans with Justin Marcy[,] enter the driveway of my home at 13082 West Cherry Hill Road, Albion, P.A. 16401 ... and did ignite the structure casting flames to include but not exclusive of the white van at the driveway ... with the intent of arsenistic [sic] play to inhabitant, self.

*See Molson v. White*, Case No. 1:20-cv-307 (W.D. Pa.), ECF No. 1-1 at 5.

By Memorandum Opinion and Order issued on March 9, 2021, this Court dismissed Plaintiff's complaint against White because the Court could not discern any plausible federal claim, there was no basis upon which the Court could exercise subject matter jurisdiction over Plaintiff's putative state claims and, in any event, it was clear from the allegations in the complaint that Plaintiff's putative claims were time-barred.  *See Molson v. White*, 2021 WL 877762 at *2-3.  Although Plaintiff had alluded to "gender discrimination" in her complaint, she failed to state any viable legal claim upon which relief could be granted for alleged sex discrimination.  *Id*. at *2.  To the extent Plaintiff was attempting to assert a claim against White

3

under 42 U.S.C. §1983, the Court found "nothing in the complaint [that would] permit[ ] a plausible inference that White is a person who was acting under color of state law." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 49 (1988), for the proposition that a §1983 plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a person acting under color of state law). While the Court assumed that Plaintiff might be attempting to assert various Pennsylvania tort claims against White (such as conversion of chattel, intentional infliction of emotional distress, or assault), the Court concluded that it could not properly exercise diversity-of-citizenship jurisdiction or supplemental jurisdiction over any such claims. *See* 2021 WL 877762 at *2. In any event, the Court found that Plaintiff's putative federal and state claims were time-barred, based on her averment that the events in question had occurred on February 1, 2014. *Id.* at *2-3. Given the nature of these defects, the Court dismissed Plaintiff's complaint with prejudice and without leave for further amendment.

      "The doctrine of claim preclusion . . . prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, ––– U.S. –––, 136 S. Ct. 2292, 2305, 195 L.Ed.2d 665 (2016) (internal quotation marks and citation omitted). Federal principles of claim preclusion apply when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). "The third factor 'generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.'" *Id*. (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)). The doctrine of claim preclusion -- or "*res judicata*" -- bars the re-litigation of claims that were brought in a previous action, as well as those claims that

4

*could have been asserted* but were not.  *See McHale v. Kelly*, 527 F. App'x 149, 152 (3d Cir. 2013); *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir.2008).

Here, Plaintiff is plainly reasserting in this civil action the same grievances she previously raised in the 2020 case.  The elements of *res judicata* are therefore satisfied insofar as Plaintiff previously sued the same individual (Defendant White) named in this lawsuit, the prior lawsuit concerned the very same incident that is at issue in this lawsuit, and the prior lawsuit was dismissed with prejudice for failure to state any viable basis for recovery.  *See, e.g., Bush v. Phila. Redev. Auth.,* 822 F. App'x 131, 135 (3d Cir. 2020) (noting that dismissals with prejudice typically constitute judgments "on the merits" for *res judicata* purposes) *(citing Papera v. Pa. Quarried Bluestone Co.,* 948 F.3d 607, 610-11 (3d Cir. 2020)); *see also Donahue v. Dauphin Cty*., No. 20-2997, 2021 WL 1118007, at *2 (3d Cir. Mar. 24, 2021) ("A dismissal based on the running of the statute of limitations is a final judgment on the merits for the purposes of *res judicata*.") (citing *Elkadrawy v. Vanguard Grp*., 584 F.3d 169, 173 (3d Cir. 2009)).  Although Plaintiff did not sue Jason Marcy in the 2020 Case, she clearly could have done so, as she identified him by name in her prior complaint.  Thus, the doctrine of "*res judicata*" or "claim preclusion" bars Plaintiff's claims against Defendants White and Marcy in this civil action.

Even if claim preclusion does not apply, however, Plaintiff's complaint still must be dismissed for the reasons the Court previously articulated in its dismissal of the 2020 case.  Here, as before, Plaintiff has failed to plead any viable federal claim against White (or Marcy).  To the extent Plaintiff is attempting to sue under 42 U.S.C. §1983, she has failed to plausibly allege that either of the Defendants violated one or more of her federally guaranteed rights while acting under color of state law.  *See West,* 487 U.S. at 49.  In her pleading, Plaintiff baldly alleges, without elaboration, that White and Marcy acted "by the instruction" of the Pennsylvania State

5

Police. ECF No. 1-1 at 5. Presumably, this is intended to establish action under color of state law; but even under the liberal standards applied to *pro se* pleadings, this conclusory allegation is not entitled to any presumption of truth. *See Castillo v. Kelly*, 690 F. App'x 96, 97 (3d Cir. 2017) (observing that "*[p]ro se* complaints must be construed liberally," but when reviewing the sufficiency of a pleading, courts "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements") (internal quotation marks and citations omitted). Consequently, Plaintiff has not plausibly alleged that either Defendant was acting under color of state law when they allegedly assaulted her and set fire to her property.

Moreover, there is no basis upon which the Court can properly exercise subject matter jurisdiction over any putative state law claims. Here, as before, the parties have common Pennsylvania citizenship, and no plausible basis for supplemental jurisdiction had been established.

Finally, the Court must consider the issue of amendment. Here, as before, the defects in Plaintiff's pleading are irremediable and, therefore, leave to amend is not warranted. *Grayson*, 293 F.3d at 114.

For all of the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*. The Clerk will be directed to file Plaintiff's complaint of record. However, Plaintiff's complaint will be dismissed with prejudice and without leave to further amend.

An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge